**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Ernie Pete Ortega,<br><br>　　　　Petitioner,<br><br>vs.<br><br>Dora Schriro, et al.,<br><br>　　　　Respondents. | No. CV 07-02063-PHX-MHM (JCG)<br><br>**ORDER** |

Petitioner *pro se*, Ernie Pete Ortega ("Petitioner")**,** filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (2000) on October 22, 2007 (Dkt. #1). The matter was referred to United States Judge Magistrate Jennifer C. Guerin**,** who issued a Report and Recommendation (Dkt. #9), recommending that the Court deny and dismiss with prejudice the Petition for Writ of Habeas Corpus. Petitioner filed a written objection to the Report and Recommendation on April 7, 2008 (Dkt. #12). Respondents have not filed an opposition to the Report and Recommendation.

**I.　BACKGROUND**

　　　The relevant facts of the case, as related by Magistrate Judge Guerin, are as follows. Petitioner was convicted by a jury of one count of reckless manslaughter, a class two felony, on October 22, 2002. (Dkt. #7, Exh. A.) On February 21, 2003, Petitioner was sentenced to 13 years in prison. (Dkt. #7, Exh. B.) The evidence presented to the jury

1  established that Petitioner shot the victim while "messing around" with a gun. (Dkt. #7,
2  Exh. I.) Petitioner admitted to a friend that he was responsible for the shooting. (*Id.*) After
3  shooting the victim, Petitioner dragged the victim out of Petitioner's residence to a nearby
4  vacant lot. Blood was found on Petitioner's clothing, and boxes of ammunition, a holster,
5  a spent shell casing and the victim's backpack were found in Petitioner's residence. (*Id.*)
6        Petitioner filed a direct appeal in which he presented a single argument: that
7  Petitioner could not have acted recklessly because he did not point the gun at the victim
8  when firing it. (Dkt. #7, Exh. C.) The Arizona Court of Appeals affirmed Petitioner's
9  conviction on December 4, 2003, finding that there was sufficient evidence to support the
10 reckless manslaughter conviction. (Dkt. #7, Exh. C.) On January 20, 2004, the order and
11 mandate in Petitioner's direct appeal was issued. (Dkt. #7, Exh.C.)
12       On January 9, 2004, Petitioner filed a timely Notice of Post-Conviction Relief.
13 (Dkt. #7, Exh.D.) Counsel for Petitioner filed a Notice of Completion on April 21, 2004,
14 averring that there were no meritorious claims on which to base a claim for relief under
15 Arizona Rule of Criminal Procedure 32 (1973). (Dkt. #7, Exh. E.) Petitioner filed a *pro se*
16 petition ("First Rule 32 Petition") in the Maricopa County Superior Court on June 4,
17 2004, claiming that (1) there was insufficient evidence to support the jury's guilty verdict,
18 (2) the trial court abused its discretion when it denied Petitioner's motion for mistrial, and
19 (3) Petitioner received ineffective assistance of counsel when trial counsel: (a) allowed
20 key witnesses to lie to the jury, (b) failed to call any defense witnesses, (c) failed to
21 present letters written by the victim as evidence, (d) failed to obtain DNA evidence, (e)
22 failed to argue that Petitioner was denied counsel during questioning following his arrest,
23 (f) failed to present evidence of the victim's criminal history, (g) failed to properly
24 investigate the case and (h) failed to afford Petitioner an opportunity to review all of the
25 evidence. (Dkt. #7, Exh. F.) The trial court denied relief. (Dkt. #7, Exh. I.) Petitioner filed
26 a petition for review of the trial court's decision in the Arizona Court of Appeals; the
27 Court of Appeals summarily dismissed the petition on July 14, 2005. (Dkt. #7, Exh. K.)
28

On August 19, 2005, Petitioner filed a second Notice of Post Conviction-Relief, which was later amended ("Second Rule 32 Petition"), in which he argued that he received ineffective assistance of trial counsel when trial counsel (a) failed to obtain DNA evidence and (b) represented Petitioner despite a conflict of interest. (Dkt. #7, Exh. L.) The Superior Court dismissed Petitioner's Second Rule 32 Petition as untimely on October 18, 2005. (Dkt. #7, Exh. M.) The Petitioner did not seek review of the dismissal.

On November 1, 2006, Petitioner filed a pleading captioned as an "Appeal Petition for Writ for Habeas Corpus" in the state court, in which he presented six claims for relief: (1) various state actors, including the prosecution and defense counsels and several judges, conspired to deprive Petitioner of his constitutional rights, (2) the prosecutor engaged in prosecutorial misconduct, (3) trial counsel was ineffective because he represented Petitioner while operating under a conflict of interest, (4) Petitioner received ineffective assistance of counsel at sentencing, (5) Petitioner received ineffective assistance of appellate counsel and (6) Petitioner received ineffective assistance of counsel during post-conviction relief proceedings. (Dkt. #7, Exh. N.) The trial court treated the pleading as a petition pursuant to Rule 32 ("Third Rule 32 Petition") and dismissed it as successive. (Dkt. #7, Exh. O.) The Arizona Court of Appeals denied review of the dismissal on September 19, 2007. (Dkt. #7, Exh. P.)

Petitioner filed his federal Petition on November 1, 2006. The Petition presents three claims for relief:

**Ground 1:** The prosecutor engaged in prosecutorial misconduct before and during trial;

**Ground 2:** Petitioner received ineffective assistance of counsel when (a) trial counsel represented Petitioner despite a conflict of interest, (b) trial counsel failed to present DNA evidence, (c) trial counsel failed to object to perjured testimony, (d) trial counsel failed to present mitigating evidence during sentencing, (e) appellate counsel only filed an opening brief on Petitioner's behalf, (f) appellate counsel failed to timely raise

1 claims on appeal and (g) post-conviction relief counsel filed a Notice of Completion of
2 Post-Conviction Review.

3       **Ground 3:** State actors including prosecution and defense counsel, State Superior
4 and Appeals Court judges, police detectives, court reporters and the records department
5 conspired against Petitioner.

6 **II.    STANDARD OF REVIEW**

7       A district court must review the legal analysis in a Magistrate Judge's Report and
8 Recommendation *de novo*. *See* 28 U.S.C. § 636(b)(1)(C) (2000). In addition, a district court
9 must review the factual analysis in the Report and Recommendation *de novo* for those facts
10 to which objections are filed. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th
11 Cir. 2003) (en banc); *see also* § 636(b)(1)(C) ("A judge of the court shall make a *de novo*
12 determination of those portions of the report or specified proposed findings or
13 recommendations to which objection is made."). "Failure to object to a magistrate judge's
14 recommendation waives all objections to the judge's findings of fact." *Jones v. Wood*, 207
15 F.3d 557, 562 n. 2 (9th Cir. 2000).

16 **III.   DISCUSSION**

17       The Court has considered the pleadings and documents of record in this case and
18 agrees with the Magistrate Judge that the Petition should be denied and dismissed with
19 prejudice. In opposition to the Magistrate Judge's Report and Recommendation, the
20 Petitioner has filed several objections (Dkt. # 12), which the Court has reviewed *de novo*.
21 Upon such review, the Court finds the Petitioner's arguments to be unpersuasive. Petitioner
22 objects to the Magistrate Judge's Report and Recommendation on two grounds: (1) Petitioner
23 reasserts the ineffective assistance of counsel claim that trial counsel failed to present DNA
24 evidence; and (2) Petitioner reasserts the ineffective assistance of counsel claim that trial
25 counsel failed to object to perjured testimony.

26       In addition, Petitioner offers several new objections: (1) Petitioner rehashes trial
27 evidence; (2) Petitioner reasserts facts asserted in the Petition for Writ of Habeas Corpus
28 without raising any meritorious argument; (3) Petitioner asserts new arguments not asserted

in the Petition for Writ of Habeas Corpus; (4) Petitioner asserts that there is a pending motion for a mistrial in state trial court; and (5) Petitioner asserts that a mental illness has prevented Petitioner from properly and timely asserting grounds for relief.

Further, Petitioner requests an evidentiary hearing and appointment of counsel.

**A.     Objection I**

In reasserting the claim that trial counsel failed to present DNA evidence and therefore was ineffective, Petitioner merely rehashes previously stated arguments. Although Petitioner argued in his First Rule 32 Petition that his trial counsel was ineffective because he "fail[ed] to bring up that DNA was took [sic]" (Dkt. #7, Exh. F, p. 8), the trial court did not consider these factual allegations in reviewing Petitioner's multifaceted claim for ineffective assistance of counsel. Where a state court gives no reasoned explanation for its decision on a petitioner's federal claim, this Court reviews the record before it to determine whether the state court's denial of that claim constituted an unreasonable application of clearly established federal law. *See Greene v. Lambert*, 288 F.3d 1081, 1088-89 (9th Cir. 2002). In this case, federal law mandates that, in order to prevail upon a claim of ineffective assistance of counsel, a defendant must demonstrate that counsel's performance was deficient and that he suffered actual prejudice as a result of counsel's actions or inaction. *See Strickland v. Washington*, 466 US 668, 668 (1984).

Petitioner does not explain what the DNA evidence would have proven or how it would have aided his defense. Assuming that the DNA evidence at issue is the same evidence discussed in Ground II, trial counsel was not ineffective for failure to obtain or present the DNA evidence. At best, the DNA evidence might have suggested that Petitioner did not have the victim's blood under his fingernails or powder burns on his hands at the time of his arrest. As stated above, however, the facts of this case indicate that Petitioner admitted to shooting the victim and the state presented significant physical evidence linking Petitioner to the crime. Given this evidence and Petitioner's admission of the crime, the jury was confronted with significant proof of Petitioner's guilt even if Petitioner did not have blood or powder burns on his person when he was arrested. Thus

1  the Court agrees with the Magistrate Judge that Petitioner has failed to demonstrate that
2  his counsel was deficient or that Petitioner suffered actual prejudice as required by
3  *Strickland*. Accordingly, the Court finds that Petitioner does not present any new grounds
4  warranting relief.

### B. Objection II

In reasserting the claim that trial counsel was ineffective for failing to object to perjured testimony, Petitioner merely rehashes previously stated arguments. The Court agrees with the Magistrate Judge that in considering the Rule 32 petition, the trial court applied the appropriate federal law by relying on the legal standard set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984): a defendant must demonstrate that counsel's performance was deficient and that he suffered actual prejudice as a result of counsel's actions or inaction. (Dkt. #7, Exh. I, p. 2).

Although the trial court incorrectly concluded that Petitioner had failed to show that any witness lied on the witness stand, the trial court's application of *Strickland* to the facts before it was reasonable and the trial court was nonetheless correct in concluding that Petitioner's counsel was effective. Even if Petitioner's counsel failed to object to Detective Thompson's false statement that no DNA tests were conducted (assuming, as Petitioner alleges, that such a false statement was actually made), the failure to object was a reasonable tactical decision, as there was nothing to gain by such impeachment. At best, Petitioner's trial counsel could have impeached Detective Thompson by presenting evidence that in fact, DNA testing was conducted and that Petitioner did not have the victim's blood under his fingernails or powder burns on his hands at the time of his arrest. This evidence would do little to support an argument that Petitioner did not commit the crime, given that (1) Petitioner admitted to "accidentally" shooting the victim while "messing around" with a gun, (2) evidence demonstrated that Petitioner dragged the victim's body out of Petitioner's residence to a vacant lot, blood was found on Petitioner's clothing, and police found boxes of ammunition, a holster, a spent shell casing and the victim's backpack in Petitioner's residence. A tactical decision by counsel

1 with which the Petitioner disagrees cannot form the basis of a claim of ineffective
2 assistance of counsel. *Wildman v. Johnson*, 261 F.3d 832, 839 (9th Cir. 2001). In addition,
3 Petitioner has failed to demonstrate a reasonable probability that, but for counsel's errors
4 and omissions, the result of the proceeding would have been different. *Strickland*, 466
5 U.S. at 694. Given the significant evidence demonstrating Petitioner's guilt, the DNA
6 evidence suggesting that Petitioner did not have the victim's blood or powder burns on
7 his person at the time of his arrest would not have changed the outcome of the trial
8       Accordingly, the Court finds that Petitioner does not present any new grounds
9 warranting relief.

      **C.**    **Objections III and IV**

In rehashing trial evidence and reasserting facts asserted in the Petition for Writ of Habeas Corpus, Petitioner does not raise any new argument. Accordingly, the Court finds that Petitioner does not present any new grounds warranting relief.

      **D.**    **Objection V**

Petitioner asserts new arguments not asserted in the Petition for Writ of Habeas Corpus. A petitioner must exhaust his claims by fairly presenting them to the state's highest court, either through a direct appeal or collateral proceedings, before a federal court will consider the merits of Habeas Corpus claims pursuant to 28 U.S.C. § 2254. *See Rose v. Lundy*, 455 U.S. 509, 519 (1982). Petitioner's assertion of new arguments is not proper at this stage, and the Court will not consider them here.

      **E.**    **Objection VI**

Petitioner provides no evidence of a pending motion for a mistrial in state trial court. Accordingly, the Court finds that Petitioner does not present any new grounds warranting relief and will not consider this objection.

      **F.**    **Objection VI**

Petitioner asserts that a mental illness has prevented Petitioner from properly and timely asserting grounds for relief. The record before the Court does not support this assertion. The pleadings filed by Petitioner in state court indicate that Petitioner was able

- 7 -

1 to clearly articulate the legal and factual bases for his claims in his subsequently-filed
2 state court petitions. Petitioner has admitted to receiving legal assistance from other
3 prisoners and to having a paralegal review his pleadings before they were filed. Reply,
4 pgs. 4–5. Petitioner has been able to file a 1983 action in this Court in addition to the
5 pending federal Habeas Petition. *See Ortega v. Schriro*, United States District Court,
6 District of Arizona, Case No. CV-07-2451-PHX-MHM (JCG). It also appears that
7 Petitioner has been able to successfully avail himself of the ADOC's internal grievance
8 system. Thus, there is nothing before the Court from which the Court can conclude that
9 Petitioner's failure to properly present his claims in his First Rule 32 Petition, rather than
10 his Second or Third Rule 32 Petitions, was the result of his alleged mental illness.
11       Accordingly, the Court finds that Petitioner does not present any new grounds
12 warranting relief.

13 **IV.   PETITIONER'S REQUESTS AND MOTION**

14       **A.   Petitioner's Request for an Evidentiary Hearing**

15       In his Response to Report and Recommendation (Dkt. #12), Petitioner requests an
16 evidentiary hearing. The Court presumes that "a determination of a factual issue made by
17 a State court" is correct. § 2254(e)(1) (2000). Petitioner must present clear and
18 convincing evidence to rebut this presumption. *Id.* Because Petitioner provides no clear
19 and convincing evidence, the Court finds that Petitioner does not present any grounds
20 warranting an evidentiary hearing. Accordingly, an evidentiary hearing will not be
21 granted.
22 / / /
23 / / /

### B.     Petitioner's Request for Appointment of Counsel

In his Response to Report and Recommendation (Dkt. #12), Petitioner requests that counsel be appointed. The Court may appoint counsel if "an evidentiary hearing is warranted." Rules Governing § 2254 Cases, R. 8, 28 U.S.C.A. foll. § 2254. Because the Court does not find in Part IV.A that an evidentiary hearing is warranted, appointment of counsel is not warranted.

In the alternative, the Court may appoint counsel in proceedings brought under § 2254. § 2254(h). This appointment is "governed by Section 3006A of title 18." *Id.* 18 U.S.C.A. 3006A(2) provides that counsel may be provided to those who cannot afford it if it is determined "that the interests of justice so require." Petitioner provides no evidence to demonstrate that the interests of justice require appointment of counsel, and the Court finds no such need. Because the Court does not find that the interests of justice warrant the appointment of counsel, counsel will not be appointed..

### C.     Petitioner's Motion for Court Order to A.D.C. to Provide Mental Health Records

In a separate pleading, Petitioner makes a Motion for Court Order to A.D.C. to Provide Mental Health Records (Dkt. #13). The pleadings filed by Petitioner in state court indicate that Petitioner was able to clearly articulate the legal and factual bases for his claims in his subsequently-filed state court petitions. The record before the Court does not support a finding that a mental illness has prevented Petitioner from properly and

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

timely asserting grounds for relief. See discussion *supra* Part III.F. Therefore, an examination of Petitioner's mental health records is not warranted.

**Accordingly,**

**IT IS ORDERED** OVERRULING Petitioner's objections and ADOPTING the Report and Recommendation of the Magistrate Judge. (Dkt. #9).

**IT IS FURTHER ORDERED** DENYING and DISMISSING WITH PREJUDICE Petitioner's Petition for Writ of Habeas Corpus. (Dkt. #1).

**IT IS FURTHER ORDERED** DENYING Petitioner's Motion for Court Order to A.D.C. to Provide Mental Health Records. (Dkt. #13).

**IT IS FURTHER ORDERED** directing the Clerk of the Court to enter judgment accordingly.

DATED this 2nd day of March, 2009.

_____
Mary H. Murguia
United States District Judge